**In re John R. BRAZIEL, Debtor.**

**Julia P. JUDGE, James P. Judge, Plaintiffs,**

**v.**

**John R. BRAZIEL, Kay P. Braziel, Defendants.**

**Bankruptcy No. 90–13530–FM.**
**Adv. No. 91–1023–FM.**

United States Bankruptcy Court,
W.D. Texas,
Austin Division.

April 10, 1991.

Gray Byron Jolink, Law Offices of Gray Byron Jolink, Austin, Tex., for Kay P. Braziel.

Donald R. Taylor, Akin, Gump, Strauss, Hauer & Feld, Austin, Tex., for plaintiffs.

### MEMORANDUM OPINION

FRANK R. MONROE, Bankruptcy Judge.

The Court held a hearing on April 16, 1991 upon Defendant Kay P. Braziel's Motion to Dismiss. Plaintiffs filed their Complaint under §§ 727(a)(2) and (5) naming

---

both Kay P. Braziel, not a debtor in this or any other case under Title 11, and her husband John R. Braziel, the Debtor, as Defendants. Plaintiffs included Kay P. Braziel as a party-defendant in order to object to the "hypothetical" discharge which she might otherwise obtain under 11 U.S.C. §§ 524(a)(3)–(b) if her husband, John R. Braziel, the Debtor herein, is discharged and she were not a party. At the hearing, counsel for all parties, and the Court, confessed a certain amount of uncertainty with regard to the effect that should be given §§ 524(a)(3)–(b) in this case. The Court took the matter under advisement in order to research and consider the purpose, background and applicability of §§ 524(a)(3)–(b) to the instant situation.

This Court has jurisdiction under 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a) and (b)(1), and the standing Order of Reference existing in this District. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J). Based upon the record established at the hearing, the briefs of the parties, and the Court's own independent research, the Court makes the following Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052:

1. The parties have agreed that Plaintiff has with a community claim as that term is defined in 11 U.S.C. § 101, i.e. a "claim that arose before the commencement of the case concerning the debtor for which property of the kind specified in section 541(a)(2) of this title is liable, whether or not there is any such property at the time of the commencement of the case;". 11 U.S.C. § 101(7).

2. Section 541(a)(2) includes as property of the estate "All interests of the debtor and the debtor's spouse in community property as of the commencement of the case ...". 11 U.S.C. § 541(a)(2).

3. Kay P. Braziel is not a debtor in this or any other case under Title 11. John R. Braziel, her husband, is the Debtor in this case.

4. The policy question at bar, as framed by *Collier*, is as follows:

"Should after-acquired community property of the spouses be liable for payment of the pre-bankruptcy creditor claims of the nondischarged spouse under circumstances where these creditors have already participated in the distribution of assets in a bankruptcy proceeding in which the debts of one spouse were discharged?" (cites omitted).

3 *Collier on Bankruptcy,* para. 534.01[2], page 524–10 (15th Ed.).

5. Congress' answer to the question is found in §§ 524(a)(3)–(b) of the Code. The parts applicable to this case are:

"(a) A discharge in a case under this title—

(3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1228(a)(1), or 1328(c)(1) of this title, or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.

(b) Subsection (a)(3) of this section does not apply if—

(2)(A) the court would not grant the debtor's spouse a discharge in a case under chapter 7 of this title concerning such spouse commenced on the date of the filing of the petition in the case concerning the debtor; and

(B) a determination that the court would not so grant such discharge is made by the bankruptcy court within the time and in the manner provided for a determination under section 727 of this title of whether a debtor is granted a discharge."

6. The analysis provided by *Collier* is the clearest statement of the purpose of this section, and therefore what Congress intended, that the Court could find. *Collier* states:

"In short, Congress has chosen to grant fresh-start protection for after-acquired community property when *both* spouses are *innocent* of any wrong doing, although one spouse chooses not to file a bankruptcy case. In the other situation, when a *wrongdoer seeks to hide behind* his or her *spouse's discharge,* a partial *discharge for the non-debtor* is *denied,* and after-acquired community property remains liable for the debts of the non-discharged spouse thereby frustrating the innocent spouse's fresh start." (cites omitted; emphasis added). 3 *Collier on Bankruptcy,* para. 534.01[2] at page 524–12 (15th Ed.).

■ 7. It is clear that the intent of these sections is that in community property states where one spouse is in bankruptcy and one is not, if no claim is determined to be non-dischargeable from the debtor's discharge and the debtor's spouse would not have had a claim excepted from his or her discharge in a hypothetical case commenced on the same day as the debtor's case, then creditors of either spouse holding community claims on the date of bankruptcy are thereafter barred from asserting such claims against after-acquired community property. Id. at 524–13. But, when either the debtor has incurred a non-dischargeable debt or the debtor's spouse would have had a debt declared non-dischargeable in a hypothetical case commenced on the same day as that of the debtor, the non-dischargeable debt of either spouse will survive against the after-acquired community property. Id. at 524–14. This interpretation is consistent with reported cases interpreting this section. See *In re Karber,* 25 B.R. 9 (Bankr.N.D.Tex. 1982).

8. The same result has been applied when both the husband and the wife are debtors but only one receives the discharge. See *Grimm v. Grimm (In the Matter of Grimm,* 82 B.R. 989, 18 C.B.C.2d 590 (W.D.Wis.1988)).

9. It is clear that the policy to be enforced by these sections is that the guilty spouse should not be able to hide behind the innocent spouse's discharge. Both spouses will suffer by reason of one spouse's prior "sins" insofar as after-acquired jointly owned community property is concerned.

■ 10. Accordingly, Kay P. Braziel is a party in whose absence complete relief cannot be accorded among the other parties to this adversary proceeding. Her joinder is therefore appropriate under Rule 19(a) of the Federal Rules of Civil Procedure. Without her timely joinder, compliance by the Plaintiffs with §§ 524(a)(3)–(b), which requires a timely filed complaint against the non-debtor spouse under § 727 with regard to that spouse's "hypothetical" discharge, would not be possible.

Kay Braziel also filed a Motion for Sanctions. Due to the complexity of this matter and since her Motion to Dismiss has been denied, sanctions are not appropriate. The Motions for Sanctions of Kay P. Braziel is denied.

Accordingly, an Order will be entered pursuant hereto denying Defendant Kay P. Braziel's Motion to Dismiss and for Sanctions.