In re Edward Holmes COSTANZA,
Debtor.

Michael and Rina GONZALES, Francis
H. and Margie Edwards, Plaintiffs,

v.

Edward Holmes COSTANZA, Defendant.

Bankruptcy No. 7–91–13903.
Adv. No. 92–1044 R.

United States Bankruptcy Court,
D. New Mexico.

March 8, 1993.

Jennie Behles, Albuquerque, NM, for defendant.

Barry Williams, Albuquerque, NM, for plaintiffs.

## MEMORANDUM OPINION

STEWART ROSE, Bankruptcy Judge.

Does the "community discharge", 11 U.S.C. § 524(a)(3), bar plaintiffs' complaint and entitle the defendant to relief for violation of its injunctive provisions? [1]

---

1. Section 524(a)(3) provides:

§ 524 **Effect of Discharge**

(a) A discharge in a case under this title ...

(3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1228(a)(1), or 1328(a)(1) of this title, or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of

The matter came on for hearing on cross motions for summary judgment. The court determines that (a) the complaint is not barred, (b) there has been no violation of the injunction, and (c) the claims are enforceable only from the defendant's separate property.

In 1984 and early 1985, the defendant defrauded the plaintiffs. Defendant plead guilty to the frauds perpetrated upon plaintiffs and has been ordered to pay restitution. There is no claim that the restitution obligations are discharged or dischargeable. They are conceded to be enforceable against defendant's separate property, if any, and all community property.

On December 18, 1985, Carolyn Costanza filed a Chapter 7 petition; she received a discharge. Carolyn Costanza was and is the defendant's wife. None of the plaintiffs filed a complaint pursuant to 11 U.S.C. § 523 in her case alleging that the debts were excepted from discharge as to her, or hypothetically as to him. *See,* 11 U.S.C. § 524(a)(3).[2] Plaintiffs were either scheduled creditors or had actual knowledge of her bankruptcy in time to have filed such a complaint. 11 U.S.C. § 523(a)(3).[3]

Defendant and plaintiffs do not dispute that at all material times defendant and his wife have no property other than community property. Further, as long as they remain married, it is unlikely that they will acquire any separate property.

In New Mexico, all community property is subject to the equal or joint management and control of both spouses and liable for the community debts of both spouses. N.M.Stat.Ann. § 40–3–9 and 40–3–14 (Michie 1989) *Compare,* 11 U.S.C. §§ 101(7) and 541(a)(2)(A).

In this case defendant contends that the discharge received by his wife, which discharged the community and its after acquired property, likewise discharges him. This is wrong. Defendant's liability remains, but the sources against which it may be enforced have been reduced.[4]

Plaintiffs complaint seeks a determination that their claims are not discharged in defendant's bankruptcy. In view of his guilty plea and conviction, his personal liability can hardly be disputed. Plaintiffs do not seek to enforce the claims against any particular property. Only if plaintiffs sought to enforce a judgment against the community property of defendant and his wife would there be a violation of 11 U.S.C. § 524.

The discharge received by defendant's wife provides her a fresh start. It shields all her after acquired property from the claim of her creditors, including community claims based upon her husband's wrongdoing. It provides the marital community, of which she is an equal member, a fresh start.[5] Such is the clearly stated policy of Congress.

---

this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived. 11 U.S.C. § 524(a)(3) (1979).

2. When a creditor seeks to object hypothetically to the dischargeability of a particular debt of the debtor's spouse it is proceeding under § 524(a)(3). When a creditor seeks to have the entire discharge denied in a hypothetical case against the debtor's spouse it is proceeding under § 524(b). Collier, 3 *Collier on Bankruptcy* ¶ 524.01[2], 524–13 to 16 (15th ed. 1992). *But see, Midi Music Center v. Smith (In re Smith),* 140 B.R. 904 (Bankr.D.N.M.1992) (creditor filed complaint objecting to dischargeability of a debt based on fraud but proceeded under § 524(b)).

3. This Court expresses no opinion concerning whether the sixty-day time limit to object to the dischargeability of a debt, specified in Fed.

Bankr.R. 4007(c) applies to hypothetical cases against the nondebtor spouse. One opinion has suggested that a creditor must file a hypothetical discharge against a nondebtor spouse within the sixty days. *In re Karber,* 25 B.R. 9, 12 (Bankr.N.D.Tex.1982).

4. Section 524 of the Bankruptcy Code is titled "Effect of discharge." Section 524(a)(3) does not grant a discharge; it creates an injunction for the marital community. The community does not receive a discharge under § 524, because discharge is determined by §§ 523 and 727. Section 524 prevents collection from community property if a discharge is granted.

5. Section 524(a)(3) is only available to the marital community. Upon dissolution of the marriage its protection no longer exists. Collier, 3 *Collier on Bankruptcy,* ¶ 524.01[2] at n. 16 (15th ed. 1992); Pedlar, *Community Property and Bankruptcy Reform Act of 1978,* 11 St. Mary's L.J. 349 (1979) at n. 134.

This opinion is intended to be concise for the sake of clarity. The questions which could have been raised, but were not, will be left for another day. For those who wish to pursue the matter, there may be no better source than the article written by Alan Pedlar, *Community Property and the Bankruptcy Act of 1978*, 11 St. Mary's L.J. 349 (1979). The article suggests the possibility that "the Devil himself could effectively receive a discharge in bankruptcy if he were married to Snow White." *Id.* at 382. To this I would add: if he does not treat her better than his creditors, she will, by divorcing him, deny his discharge.

Partial summary judgment shall be entered in accordance with this opinion.