**In re Marc K. STRICKLAND, Debtor.**

**No. 7–90–00364–MA.**

United States Bankruptcy Court,
D. New Mexico.

May 4, 1993.

Stephen McIlwain, Albuquerque, NM.

Charles W. Sullivan, Albuquerque, NM.

## MEMORANDUM OPINION

MARK B. McFEELEY, Chief Judge.

This matter came before the court on debtor's motion for enforcement of the injunction provided by 11 U.S.C. § 524. Having considered the facts, the briefs, the applicable law, the arguments of counsel and otherwise being fully informed and advised, the Court will deny the motion for injunctive relief.

### FACTS

Debtor filed a voluntary Chapter 7 petition on February 8, 1990. Nancy Strickland, the debtor's wife did not join in the petition. On December 7, 1990, the debtor added Hartley B. Wess ("Wess") to his creditors' schedules. Wess was served with a "special notice" of debtor's bankruptcy. Wess did not file a complaint for a determination of dischargeability of the debt owed him in the bankruptcy proceeding. On April 15, 1991, the debtor received a discharge from this Court.

On September 23, 1992, Wess commenced a cause of action against Nancy Strickland in the Second Judicial District Court for collection of attorneys fees. The attorneys fees were incurred pursuant to a retainer agreement signed by Nancy Strickland, dated November 30, 1989. Wess was retained to represent Mrs.

Strickland in connection with support and visitation issues pertaining to her child from a previous marriage. During the period that Wess represented Nancy Strickland he was aware that Nancy Strickland was married to Marc Strickland. Debtor is presently married to Nancy Strickland and was married to her at the time the debt to Wess was incurred.

## DISCUSSION

The debtor raises two issues. First, whether the debt incurred to Hartley B. Wess is a community or separate debt. Second, whether the discharge of community claims in one spouse's bankruptcy operates as an injunction prohibiting collection proceedings against the nondebtor spouses's community property or separate property. In this case the debtor contends that Wess' claim was a community debt discharged in debtor's Chapter 7 proceeding. Creditor Wess contends that the debt incurred by Nancy Strickland is her separate debt.

 The debt incurred to Wess is a community debt. "In New Mexico, there is a presumption that a debt incurred by a married person is community debt." *In re Fingado*, 113 B.R. 37, 42 (Bankr.D.N.M. 1990). Community debt is debt contracted or incurred by either or both spouses which is not separate debt. N.M.Stat.Ann. § 40–3–9.B (Repl.Pamp.1989). Separate debt is narrowly defined. N.M.Stat.Ann. § 40–3–9.A (Repl.Pamp.1989). Separate debt is defined either as a debt that is "designated as a separate debt of a spouse by a judgement or decree of any court having jurisdiction" or a "debt contracted by a spouse during the marriage which is identified by a spouse to the creditor in writing at the time of its creation as the separate debt of the contracting spouse." N.M.Stat.Ann. § 40–3–9.A.(3)(4) (Repl.Pamp.1989). Subsection (B) makes clear that one spouse can incur a community debt. N.M.Stat.Ann. § 40–3–9.B (Repl.Pamp.1989); *In re Fingado*, 113 B.R. 37, 42 (Bankr.D.N.M.1990).

The debt to Wess was contracted and incurred by Nancy Strickland during her marriage to the debtor. Therefore, it is presumed to be a community debt. The debtor did not sign the agreement retaining Wess' services. Wess was retained in connection with support and visitation issues pertaining to Mrs. Strickland's child from a previous marriage. Although Wess addressed all billings solely to Nancy Strickland the debt was not identified to Wess in writing, at the time of its creation, as the separate debt of Nancy Strickland. In addition, this debt has not been designated as a separate debt of Nancy Strickland by a judgement or decree. Thus, the statutory definition of separate debt has not been met.

Wess cites *Fernandez v. Fernandez*, 111 N.M. 442, 806 P.2d 582 (1991) for the proposition that substantial compliance with the statute defining separate debt is enough to render a debt separate. This reading of the case ignores the express language limiting the court's holding to relations between spouses and not relations between couples and their creditors. *Id.* at 444, 806 P.2d at 584. In *Fernandez*, a divorce action, the court held a debt incurred during the marriage to be the separate debt of the husband even though the statute defining separate debt was not literally complied with. *Id.* Further, the *Fernandez* court stated that as a general rule a spouse may incur community debt even though the other spouse does not participate in the transaction. *Id.* at 443, 806 P.2d at 583. Therefore, neither the facts nor the authority cited by Wess override the presumption that this debt is a community debt.

· Whether the debt is community or separate, however, is not determinative of whether Wess is enjoined from collecting against Nancy Strickland's separate property. The debtor contends that the discharge received by him, that discharged the community and its after-acquired property, likewise discharged the debt to Wess, thereby relieving his spouse of her liability on the debt. This is incorrect. Nancy Strickland remains liable, but the sources against which the debt may be enforced

have been reduced.[1]

■ Ordinarily, the filing of a Chapter 7 petition passes all community property into the estate. *Midi Music Center v. Smith (In re Smith)*, 140 B.R. 904, 906 (Bankr.D.N.M.1992). A discharge operates as an injunction against actions to collect or recover from the property of the debtor, except the collection of a community claim that is excepted from discharge, or that would be excepted in a case concerning the debtor's spouse. 11 U.S.C. § 524(a)(3). The discharge of debts then includes community claims and prohibits creditors from proceeding against community property acquired after the petition was filed, even as against the nondebtor spouse. *Midi Music Center v. Smith (In re Smith)*, 140 B.R. 904, 906 (Bankr.D.N.M.1992). *See also,* H.Rept. No. 95–595, p. 366, Bkr–L Ed, Legislative History § 82:17.

■ Community claims are defined as claims that arose prior to commencement of the bankruptcy case concerning the debtor for which property specified in section 541(a)(2) is liable. 11 U.S.C. § 101(7). Property specified in section 541(a)(2) includes all interests of the debtor and debtor's spouse in community property liable for an allowable claim against the debtor and the debtor's spouse. 11 U.S.C. § 541(a)(2). Thus, a discharge received by a debtor provides a fresh start and shields after-acquired community property from the claims of creditors, including community claims based on a spouse's wrongdoing. *Gonzales v. Costanza (In re Costanza)*, 151 B.R. 588 (Bankr.D.N.M.1993). Further, "if community property was in the estate, and community claims were discharged, [the discharge] is effective against community creditors of the non-Debtor spouse as well as the Debtor...." *In re Green*, 12 B.R. 594, 596 (Bankr. D.N.M.1981).

■ Further, for a creditor to properly object to a community property discharge accorded nonfiling spouses in community property states, the creditor must proceed against the nonfiling spouse in a hypothetical case involving the nonfiling spouse, if only one spouse has filed. *Midi Music Center v. Smith (In re Smith)*, 140 B.R. 904, 909–10 (Bankr.D.N.M.1992). If the debt is hypothetically nondischargeable as to the nondebtor spouse then the community does not receive a discharge and creditors may proceed against after-acquired community property. *Midi Music Center v. Smith (In re Smith)*, 140 B.R. 904, 907 (Bankr.D.N.M.1992). It is the duty of scheduled creditors to object to the hypothetical discharge of the nondebtor spouse, within the time limits set by the bankruptcy code. *In re Karber*, 25 B.R. 9, 12 (Bankr.N.D.Tx.1982).[2] Otherwise, creditors of either spouse are barred from asserting claims against the after-acquired community property of the debtor and the nondebtor spouse. *Id.* Attempts to collect a claim from the community property of the debtor and nondebtor spouse would violate section 524. *Gonzales v. Costanza (In re Costanza)*, 151 B.R. 588 (Bankr. D.N.M.1993).

■ Section 524(a)(3) does not specifically address the issue of whether a nondebtor spouse's creditors can proceed against a nondebtor spouse's separate property. *In re ·Karber*, 25 B.R. 9, 13 (Bankr. N.D.Tx.1982). Further, case law does not specifically address this issue. One treatise, however, states that following a debtor's discharge where no claim is determined to be nondischargeable, collection on a debt by a creditor of the nondebtor spouse is limited to the nondebtor spouse's separate property and any pre-bankruptcy community property not included in the estate. Collier on Bankruptcy, ¶ 524.01 (1993), (citing *In re Karber*, 25 B.R. 9 (Bankr.N.D.Tx.1982))[3]. "The injunction

---

1. . See *Gonzales v. Costanza (In re Costanza)*, 151 B.R. 588, 589 (Bankr.D.N.M.1993).

2. Citing this same case, Judge Rose declined to find that the sixty-day time limit to object to the dischargeability of a debt, specified in Fed. Bankr.R. 4007(c) applies to hypothetical cases

of nondebtor spouses. *Gonzales v. Costanza (In re Costanza)*, 151 B.R. 588 (Bankr.D.N.M.1993).

3. In *Karber*, community creditors sought to have a nondebtor spouse declared bankrupt after the debtor received a discharge of communi-

under section 524(a)(3) only prevents recovery, by a creditor holding a community claim, of after-acquired community property. It is not a discharge of personal liability for the nonfiling spouse." Collier Family Law and the Bankruptcy Code, ¶ 4.08 (1992). Thus, a discharge of community claims operates as an injunction against attempts to collect a community debt from after-acquired community property. A creditor may collect from the nondebtor spouse's separate property.

 Wess was a noticed creditor in the debtor's bankruptcy proceeding. He did not object to a community property discharge by proceeding against Nancy Strickland. Thus, section 524(a)(3) operates as an injunction against any action to collect or recover from all after-acquired community property. Section 524(a)(3) does not operate as an injunction against collection from Nancy Strickland's separate property, if such property exists.

### CONCLUSION

This Court finds that Wess' claim is a community claim discharged in debtor's bankruptcy proceeding. This Court further finds that the section 524 injunction does not preclude Wess from attempting to collect the debt owed him from Nancy Strickland's separate property. Thus, debtor's motion shall be denied in accordance with this opinion.

ty debts. The court held the creditors were foreclosed from proceeding against after-acquired community property of either spouse and declined to declare the nondebtor spouse bankrupt. Although the court examined whether the community debts were debts that rendered the nondebtor spouse's separate property liable, they did not find her separate property liable. Further, they did not definitively state when a nondebtor spouse's separate property would be liable.