**In the Matter of Joan M. KASTNER, Debtor.**

**The Honorable James H. "Jim" BROWN, as Commissioner of Insurance for the State of Louisiana and as Liquidator of American Lloyds Insurance Company, Plaintiff,**

v.

**Joan M. KASTNER and John H. Kastner, Defendants.**

**Bankruptcy No. 93–11919.**
**Adv. No. 93–1238.**

United States Bankruptcy Court,
E.D. Louisiana.

July 1, 1996.

Opinion Supplementing Decision
Aug. 12, 1996.

John B. Donnes, III, Harahan, LA, for Joan M. Kastner.

Michael Chiasson, Trustee, Gretna, LA.

## MEMORANDUM OPINION

JERRY A. BROWN, Bankruptcy Judge.

This matter came on for trial on March 29, 1996 on the motion for entry of judgment by default filed by the Honorable James H. "Jim" Brown as Commissioner of Insurance for the State of Louisiana and as Liquidator of American Lloyds Insurance Company ("Commissioner"). The complaint seeks a determination that the Commissioner's claims against a nondebtor, John H. Kastner ("Mr. Kastner"), the husband of the debtor, Joan M. Kastner ("Mrs. Kastner"), are non-dischargeable under 11 U.S.C. §§ 523 and 524(a) because the claims constitute a community claim against Mrs. Kastner. An entry of default by the Clerk's Office was entered against Mr. Kastner on July 6, 1994. (P.Ex. 1). Mrs. Kastner was notified of the pending motion, but declined to attend the hearing. The issues presented are (1) whether a creditor may reach the community property of a debtor based upon the acts of the debtor's spouse who has not filed for bankruptcy, and (2) whether judgment under 11 U.S.C. § 523 may be entered against a nondebtor who is the former spouse of the debtor.[1]

### FACTS

Mr. Kastner was the former chairman of American Lloyds Insurance Company ("American Lloyds"),[2] as well as the principal in a related company known as G & K Insurance Agency, Inc. ("G & K"). Mr. Kastner used his position as an officer of American Lloyds to cause American Lloyds to issue one or more policies of insurance to a company known as Frank's Casing Crew, Inc. ("Frank's Casing"). Mr. Kastner caused the premiums from Frank's Casing to be paid to his related company, G & K, in lieu of American Lloyds.

The deposition testimony of Jesse Fike ("Mr. Fike"), controller of Frank's Casing, establishes that Frank's Casing purchased insurance coverage from American Lloyds through Mr. Kastner, and that Mr. Kastner instructed Frank's Casing to make payment of the insurance through G & K, Mr. Kastner's company. (Deposition of Jesse Fike,

---

1. This memorandum opinion constitutes the court's findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052. The court has jurisdiction over the matter under 28 U.S.C. § 1334(b). The matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2. The Commissioner is the statutory liquidator of American Lloyds.

P.Ex. 3 at 5–6). Mr. Fike identified invoices from G & K and checks by Frank's Casing in payment of these invoices in the total amount of $1,454,700.00. (*Id.* at 8–21, and Exhibit 4 to the deposition). These funds were due and owing to American Lloyds as issuer of the insurance policies.

David Hubbard, employed by the Louisiana Department of Insurance, Office of Receiverships as estate manager for American Lloyds, testified that he is charged with responsibility for the liquidation of the assets of American Lloyds. He testified that his examination of the books and records of American Lloyds shows that American Lloyds did not receive the moneys paid by Frank's Casing for the policies of insurance Mr. Kastner caused American Lloyds to issue.

The Commissioner's claims against Mr. Kastner arose during the time that a community of acquets and gains existed between Mr. and Mrs. Kastner.[3] Although there is no evidence that Mrs. Kastner participated in Mr. Kastner's fraud or embezzlement against American Lloyds, the proceeds from Mr. Kastner's fraud and embezzlement formed a part of the community that existed between them.

## ANALYSIS

The Commissioner urges the court to enter a judgment declaring the amount and the nondischargeability of the Commissioner's claims against any property of the former community of acquets and gains between Mr. and Mrs. Kastner.

■ The Bankruptcy Code defines "community claim" as a "claim that arose before the commencement of the case concerning the debtor for which property of the kind specified in section 541(a)(2) of this title is liable ...". 11 U.S.C. § 101(7).

■ Section 541(a)(2) of the Bankruptcy Code includes as property of the estate all interests of the . debtor and the debtor's spouse in community property liable for an allowable claim against the debtor or the debtor's spouse. 11 U.S.C. § 541(a)(2); *In re Smith,* 140 B.R. 904, 907 (Bankr.D.N.M.

1992). Consequently, when Mrs. Kastner filed this voluntary petition under Chapter 7 of the Bankruptcy Code on May 25, 1993, all of the community then existing between her and Mr. Kastner became property of the bankruptcy estate. The Commissioner has a community claim against the estate.

Section 524(a)(3) and (b)(2) of the Bankruptcy Code provide:

(a) A discharge in a case under this title—

(3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1228(a)(1), or 1328(a)(1) of this title, or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.

(b) Subsection (a)(3) of this section does not apply if—

(2)(A) the court would not grant the debtor's spouse a discharge in a case under chapter 7 of this title concerning such spouse commenced on the date of the filing of the petition in the case concerning the debtor; and

(B) a determination that the court would not so grant such discharge is made by the bankruptcy court within the time and in the manner provided for a determination under section 727 of this title of whether the debtor is granted a discharge.

11 U.S.C. § 524.

■ Pursuant to Section 524, a debtor receiving a discharge receives a fresh start, and any after-acquired community property is shielded from the claims of creditors, including community claims based on a spouse's wrongdoing. *In re Strickland,* 153 B.R. 909, 912 (Bankr.D.N.M.1993). For a

---

**3.** The Commissioner has been informed that Mrs. Kastner obtained a divorce from Mr. Kastner after the filing of this petition.

creditor to object to a community property discharge accorded nonfiling spouses in community property states, the creditor must proceed against the nonfiling spouse in a hypothetical case involving the nonfiling spouse, if only one spouse has filed. *Id.* If the debt is hypothetically nondischargeable as to the nondebtor spouse, then the community does not receive a discharge. *Id.; In re Smith,* 140 B.R. at 907. These provisions were designed so that a wrongdoing spouse would not be able to hide behind the discharge of the innocent spouse who filed for bankruptcy. 3 *Collier on Bankruptcy* ¶ 524.02[3], at 524–28 (15th ed. 1996); *In re Hibbs,* 161 B.R. 259, 268 (Bankr.C.D.Cal. 1993); *In re Smith,* 140 B.R. at 910. As stated by the court in the case of *In re Braziel,* 127 B.R. 156, 158 (Bankr.W.D.Tex. 1991):

> It is clear that the policy to be enforced by these sections is that the guilty spouse should not be able to hide behind the innocent spouse's discharge. Both spouses will suffer by reason of one spouse's prior "sins" insofar as after-acquired jointly owned community property is concerned.

127 B.R. at 158.

■ Consequently, under Section 524(a)(3), the dischargeability of claims against the debtor, Mrs. Kastner, would operate as a discharge against all community property, unless the court makes a determination that the Commissioner's claims are non-dischargeable as to Mr. Kastner, the non-debtor spouse. To avoid this discharge, the Commissioner requests the court "to enter a judgment declaring the amount and the nondischargeability of plaintiff's claims against any property of the former community of acquets and gains between debtor, Joan M. Kastner, and defendant, John H. Kastner". (Pl. 19 at 5–6). Accordingly, the court must therefore determine whether the debt owed by Mr. Kastner to the Commissioner would hypothetically be held nondischargeable under Section 523.

The conversion by Mr. Kastner, as an officer of American Lloyds, of the moneys to G & K that were actually due and owing to American Lloyds is an act of fraud or defalcation while acting in a fiduciary capacity, and/or embezzlement that is excepted from

discharge under 11 U.S.C. § 523(a)(4). 11 U.S.C. § 523(a)(4); *In re Brown,* 131 B.R. 900 (Bankr.D.Me.1991) (claim for appropriation by corporate officer of payments due corporation was nondischargeable under Section 523(a)(4)). The damage to American Lloyds caused by Mr. Kastner's fraud, defalcation, and/or embezzlement is the total amount of the premiums paid by Frank's Casing and diverted by Mr. Kastner to his own company, G & K, in the amount of $1,454,700.00. Mr. Kastner's conduct establishes nondischargeability of the Commissioner's claims to the full extent of any community property.[4] *See In re Smith,* 140 B.R. 904; *In re Strickland,* 153 B.R. 909. Accordingly, the court may enter judgment holding that the community property of Mrs. Kastner is not discharged from the debt in accordance with Section 524.

The Commissioner's position is somewhat unclear to the extent that the Commissioner further suggests that the court "has exclusive jurisdiction to decide this complaint to determine the amount and the nondischargeability of plaintiff's claims against defendant John Kastner, and that absent such a determination those claims would be discharged, at least as to any interest of defendant in community property". (Pl. 19 at 1). The court agrees with the latter part of the Commissioner's suggestion, but disagrees that this court has exclusive jurisdiction to determine the amount and the nondischargeability of the Commissioner's claims against Mr. Kastner.

As previously stated, Mr. Kastner is not a debtor. None of the cases cited by the Commissioner or located by the court involved the present situation in which the "innocent" spouse filed for bankruptcy protection, the "guilty" spouse did not, and the creditor was attempting to obtain a judgment of nondischargeability under Section 523 against a nondebtor spouse. *See In re Strickland, supra* (Creditor who did not object to discharge of community debt in husband's bankruptcy procedure was not permitted to proceed on the debt against nondebtor/wife); *In re Smith,* 140 B.R. at 910 (Section 524 was inapplicable when wife, who was wrongdoing spouse, was a debtor in her own bankruptcy case); *In re Braziel, supra* (Nondebtor/wife

---

4. The Commissioner does not seek to pursue the separate property of Mrs. Kastner.

was a necessary party under Fed.R.Civ.P. 19(a) to action filed under 11 U.S.C. § 727 against debtor spouse); *In re LeSueur*, 53 B.R. 414 (Bankr.D.Ariz.1985) (Both husband and wife filed for bankruptcy and were named as defendants in adversary proceeding).

 Section 524(a) refers to a "hypothetical" action against the nondebtor. *See supra* at 5. Consequently, although the court's judgment may reach the community property of Mr. and Mrs. Kastner, the court may not adjudicate the nondischargeability of the Commissioner's claims against Mr. Kastner to the extent of his separate property. Because Mr. Kastner has not filed for bankruptcy protection, the automatic stay provided by 11 U.S.C. § 362 is not applicable to him with respect to his separate property, and the Commissioner may proceed against Mr. Kastner in state court.[5]

## SUPPLEMENTAL MEMORANDUM OPINION

### Aug. 12, 1996

JERRY A. BROWN, Bankruptcy Judge.

■ On July 1, 1996, this court issued a Memorandum Opinion and Judgment which Judgment states in the last paragraph:

> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Commissioner's complaint against John H. Kastner is granted as to any community property of John H. Kastner, but dismissed for lack of personal jurisdiction to the extent it seeks a determination against John H. Kastner's separate property.

The Honorable James H. "Jim" Brown as Commissioner of Insurance for the State of Louisiana and as Liquidator of American Lloyds Insurance Company ("The Commissioner") timely filed a motion to clarify, alter, or amend findings of fact and conclusions of law, and/or judgment ("Motion to Clarify"), which points out that the Memorandum Opinion and Judgment of July 1, 1996 are in error in holding that the court lacks jurisdiction to adjudicate the nondischargeability of the Commissioner's claim against John H. Kastner ("Mr. Kastner"), the non-debtor spouse, at least as to his separate property. (Pl. 22). The motion came on for hearing on August 7, 1996, was unopposed and was granted.

The motion to clarify correctly notes that Mr. Kastner, the non-debtor spouse, was a named defendant in this adversary proceeding, was personally served with a summons and the complaint and is a resident of this judicial district. Thus, the court erred in its Memorandum Opinion and Judgment because the court does have subject matter and personal jurisdiction over Mr. Kastner.

The Judgment, dated and entered on July 1, 1996, will be amended in accordance with this supplemental memorandum opinion.

---

**5.** The Commissioner has already filed a petition for an accounting and for damages in the Nineteenth Judicial District Court for the State of Louisiana. *See* Exhibit A to the complaint.