[No. B139852. Second Dist., Div. Four. Mar. 23, 2001.]

SANWA BANK CALIFORNIA, Plaintiff and Respondent, v.
JEAN C. CHANG, Defendant and Appellant.

**Counsel**

Hemar & Rousso and Daniel A. Heald for Plaintiff and Respondent.

Mark L. Bradbury for Defendant and Appellant.

**Opinion**

**VOGEL (C. S.), P. J.—**

### Introduction

Defendant and appellant Jean C. Chang (Jean) appeals from a judgment in favor of plaintiff and respondent Sanwa Bank California (Sanwa Bank), by which the trial court found her liable for fraudulent conveyance as the transferee of the family residence from her husband, George Chang (George), prior to George's filing for bankruptcy. Jean argues that George's discharge from bankruptcy also served to discharge her from liability on

state law grounds for the fraudulent conveyance of the residence. We disagree and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 1997, George obtained an unsecured line of credit in the sum of $48,000 from Sanwa Bank. Jean was not a party to the transaction.

In January 1999, George conveyed by quitclaim deed, and without consideration, his interest in the family residence to Jean.

George defaulted on the loan in late January 1999. In June 1999, Sanwa Bank filed the present complaint against George and Jean for fraudulent conveyance and against George for breach of credit line agreement, money lent, open book account, and breach of personal guaranty.

In September 1999, George filed a chapter 7 (11 U.S.C. § 701 et seq.) petition in the United States Bankruptcy Court for the Central District of California. George listed Sanwa Bank as one of his creditors. Sanwa Bank filed a request for special notice with the bankruptcy court in September 1999. George listed Jean as his codebtor. George disclosed to the bankruptcy trustee that he had conveyed the family residence to Jean, without consideration, within 12 months of filing his bankruptcy petition. He indicated to the bankruptcy court that the residence was separate property, and the residence was not listed as an asset of the bankruptcy. In December 1999, George was discharged from bankruptcy.

Trial in the present action took place on January 11, 2000, with Sanwa Bank proceeding solely against Jean, given George's discharge from bankruptcy. Jean filed a request that the trial court take judicial notice of George's bankruptcy proceeding. Her sole defense presented at trial was that the bankruptcy discharge of George served also to discharge Jean and their community debt, regardless of the fact that she did not also file for bankruptcy. Her counsel argued: "There is an audit right of the bankruptcy trustee within 12 months of any filing of a bankruptcy to void any sale that any creditors can find. Here is where the argument arises. You have 50 or 60 creditors. Somebody eyes an asset. That asset is supposed to be sent to the [e]state and divided amongst all the creditors. That is the fair way, the bankruptcy law way." He continued, referring to the first meeting of creditors in a bankruptcy case, at which creditors have the opportunity to call to the trustee's attention avoidable transfers of assets: "In a normal situation the creditors then say to the trustee and the bankruptcy court, 'we want this property brought in.' If you sit back and don't do it, nothing gets done and

the discharge goes through." Defense counsel argued: "To deny the other creditors their right to share in the only asset was a plan by Sanwa Bank, and it is probably in violation of the [e]state."

The trial court ruled: "[T]he debt to plaintiff by George Chang is a community debt of both George and Jean Chang, the defendant herein. The court further finds the conveyance by quitclaim deed was fraudulent within the meaning of Civil Code section 3439.04. The court further finds that the residence on Via Del Rey is in reality a community property asset never listed in the bankruptcy estate. However, because it is now listed as separate property of Jean Chang it is now liable for the community debts as if it remained as community property. Judgment is, therefore, entered for plaintiff and against defendant Jean Chang for the amount as prayed, plus reasonable attorneys' fees."

This appeal followed.

## DISCUSSION

Jean does not dispute that the transfer to her of the family residence was a fraudulent conveyance within the meaning of Civil Code section 3439.04.[1] Rather, she argues that the fraudulent conveyance should have been brought to the attention of the bankruptcy court, and Sanwa Bank,

---

[1]Civil Code section 3439.04 provides as follows: "A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation as follows:

"(a) With actual intent to hinder, delay, or defraud any creditor of the debtor.

"(b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

"(1) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

"(2) Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due."

Civil Code section 3439.07 provides, regarding the remedies available for fraudulent conveyance, in pertinent part as follows: "(a) In an action for relief against a transfer or obligation under this chapter, a creditor, subject to the limitations in Section 3439.08, may obtain:

"(1) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim."

Civil Code section 3439.08, subdivision (b), regarding actions against transferees, provides: "Except as otherwise provided in this section, to the extent a transfer is voidable in an action by a creditor under paragraph (1) of subdivision (a) of Section 3439.07, the creditor may recover judgment for the value of the asset transferred, as adjusted under subdivision (c), or the amount necessary to satisfy the creditor's claim, whichever is less. The judgment may be entered against the following:

having failed to do so and having permitted George to be discharged from bankruptcy without raising the issue, now has no further recourse under state law. We disagree.

As Jean correctly states, ordinarily, in community property estates, all community property of a debtor and the debtor's spouse becomes the property of the debtor's bankruptcy estate, whether or not the debtor's spouse files under chapter 7. (*In re Strickland* (Bankr. D.N.M. 1993) 153 B.R. 909, 912.) Jean's counsel conceded at trial that the residence was community property. It was not listed by George, however, as an asset of his bankruptcy estate.

In *In re Strickland, supra,* 153 B.R. 909, a case heavily relied upon by Jean, the court explained that because ordinarily all community property passes into the bankruptcy estate, "[a] discharge operates as an injunction against actions to collect or recover from the property of the debtor, except the collection of a community claim that is excepted from discharge, or that would be excepted in a case concerning the debtor's spouse. 11 U.S.C. § 524(a)(3). The discharge of debts then includes community claims and prohibits creditors from proceeding against community property *acquired after the petition was filed*, even as against the nondebtor spouse. [Citations.]" (*Strickland, supra,* at p. 912, italics added.)

"Further, for a creditor to properly object to a community property discharge accorded nonfiling spouses in community property [e]states, the creditor must proceed against the nonfiling spouse in a hypothetical case involving the nonfiling spouse, if only one spouse has filed. [Citation.] If the debt is hypothetically nondischargeable as to the nondebtor spouse then the community does not receive a discharge and creditors may proceed against after-acquired community property. [Citation.] It is the duty of scheduled creditors to object to the hypothetical discharge of the nondebtor spouse, within the time limits set by the bankruptcy code. *In re Karber*, 25 B.R. 9, 12 (Bankr. N.D.Tx.1982). Otherwise, creditors of either spouse are barred from asserting claims against the after-acquired community property of the debtor and the nondebtor spouse. *Id.* Attempts to collect a claim from the community property of the debtor and nondebtor spouse would violate section 524. [Citation.]" (*Strickland, supra,* 153 B.R. at p. 912, fn. omitted.)

*In re Strickland* notes that Collier on Bankruptcy (1993) paragraph 524.01, states that "following a debtor's discharge where no claim is determined to

"(1) The first transferee of the asset or the person for whose benefit the transfer was made.
"(2) Any subsequent transferee other than a good faith transferee who took for value or from any subsequent transferee."

be nondischargeable, collection on a debt by a creditor of the nondebtor spouse is limited to the nondebtor spouse's separate property and *any pre-bankruptcy community property not included in the estate.*" (*Strickland, supra,* 153 B.R. at p. 912, italics added.) " 'The injunction under section 524(a)(3) only prevents recovery, by a creditor holding a community claim, of *after-acquired* community property. *It is not a discharge of personal liability for the nonfiling spouse.*' Collier Family Law and the Bankruptcy Code, ¶ 4.08 (1992)." (*Strickland, supra,* at pp. 912-913, italics added.)

The injunction created by George's discharge does not protect the residence from the present fraudulent conveyance action because it was pre-bankruptcy property, not after-acquired property, and it was never made a part of the bankruptcy estate. George is discharged from personal liability on the debt to Sanwa Bank; Jean, however, remains personally liable for the community debt—particularly here where she admittedly is the transferee of a fraudulent conveyance—and the residence, as prebankruptcy community property, may be looked to for payment.

The discharge resulting from George's bankruptcy case has no injunctive effect on Sanwa Bank's ability to collect the present debt from Jean. Although Sanwa Bank could have brought a hypothetical case against Jean in bankruptcy court as to the nondischargeability of the debt and questioned in that forum the validity of the transfer of the residence, its failure to do so does not prevent it from pursuing the present action. Jean's argument that Sanwa Bank deliberately followed this course of action in order to get the better of George's other creditors is to no effect. She cannot be heard to complain on their behalf when there is no legal basis in the bankruptcy code or elsewhere to support her position.

DISPOSITION

The judgment is affirmed.

Epstein, J., and Hastings, J., concurred.