### In re Stanford A. NELSON, Debtor.

### No. 01–30062–svk.

United States Bankruptcy Court,
E.D. Wisconsin.

April 20, 2004.

---

Clifton Owens, Milwaukee, WI, for Debtor.

## MEMORANDUM OPINION DENYING DEBTOR'S OBJECTION TO CLAIMS

SUSAN V. KELLEY, Bankruptcy Judge.

This case involves the thorny issue of the effect of conversion of one spouse's bankruptcy case from Chapter 13 to Chapter 7 on the claims filed in the remaining chapter 13 case. Stanford and Karen Nelson filed a joint Chapter 13 petition on August 31, 2001. On October 21, 2001, Capitol One Bank filed a general unsecured claim against the Debtors, and on January 8, 2002, Robert E. Koenig filed a general unsecured claim against the Debtors. On March 15, 2002, Karen Nelson, but not Stanford Nelson, converted her bankruptcy case to a case under Chapter 7 of the Bankruptcy Code. On March 21,

2002, Stanford Nelson filed his First Modified Chapter 13 Plan. A discharge was granted to Karen Nelson on June 27, 2002. Stanford Nelson's Chapter 13 Plan was confirmed on August 6, 2002, with an effective date of September 26, 2001. On November 18, 2003, Stanford Nelson filed identical Objections to the Capitol One and Koenig Claims (hereinafter, the "Claims"), arguing that the Claimants are "permanently enjoined from collecting the debt from community property of the debtor based on the discharge received by the debtor's spouse, Karen F. Nelson, in her chapter 7 proceeding."

In support of his position, the Debtor cites *In re Schmiedel,* 236 B.R. 393 (Bankr.E.D.Wis.1999). That decision contains a helpful analysis of the issues when only one spouse files bankruptcy and receives a discharge. In this case, however, both spouses filed a joint case, but then one converted and received a discharge. This case is closer to *In re Smith,* 140 B.R. 904, 906 (Bankr.D.N.M.1992), described as containing the stuff of "bankruptcy judges' nightmares: complicated facts, little or no case law on point, and a statute that doesn't seem to address the situation." In *Smith,* the husband filed a chapter 7 case, the wife filed a subsequent chapter 13 case, and the wife's case was then converted to chapter 7. Meanwhile, a creditor had filed a nondischargeability action related to the wife's conduct in the husband's case pursuant to the provisions of § 524(b)(2) of the Bankruptcy Code (the exception to the hypothetical discharge for nondischargeable debts). Since the wife eventually filed her own bankruptcy case, the *Smith* court held that § 524(b)(2) did not apply; the creditor should have proceeded under

§ 524(b)(1), and filed a nondischargeability action against the wife in her own case.

The instant dispute does not involve nondischargeability, per se, but rather the injunction created by Bankruptcy Code § 524(a)(3). That section states in pertinent part: "A discharge in a case under this title operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in § 541(a)(2) of this title [1] that is acquired after the commencement of the case ..." This provision has been described as preventing recovery from the community property of the non-filing spouse. *See* Alan R. Resnick & Henry J. Sommer, *Collier on Bankruptcy* ¶ 524.02[a] (15th ed.2003); *In re Strickland,* 153 B.R. 909, 912–13 (Bankr.D.N.M. 1993). The issue is whether the Claims must be disallowed because their allowance would be a collection or recovery from post-petition property of the debtor of the kind described in Bankruptcy Code § 541(a)(2).

■■■ Initially, the statute enjoins acts against "property of the debtor." However, the Claims will not be paid with property of the debtor, but rather with property of the bankruptcy estate. Section 1306 of the Bankruptcy Code provides that in Chapter 13 cases, property of the estate includes property that is acquired by the debtor between the commencement of the case, but before the case is closed, dismissed or converted to another chapter, and includes the earnings from services performed by the debtor prior to conversion or dismissal of the case. In this case, Stanford Nelson's post-petition earnings,

---

1.  Section 541(a)(2) includes "all community property ... that is (A) under the sole, equal, or joint management and control of the debtor; or (B) liable for an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable."

including those which are dedicated to fund the chapter 13 plan, qualify as property of the estate. Although the plan or Order confirming the plan could have provided that property of the estate revested in the debtor, Stanford Nelson's plan provides: "Upon confirmation of plan, all property shall remain property of the estate."

The Bankruptcy Code differentiates between property of the debtor and property of the bankruptcy estate in several contexts, *see, e.g.,* § 543, which provides that a custodian shall not make any disbursement from "property of the debtor .. or property of the estate." In the community property context, Section 363(i) says that before the trustee sells co-owned property or "property of the estate that was community property of the debtor and the debtor's spouse immediately before the commencement of the case..." the spouse must be offered a chance to match the bid. This section strongly implies that property of the estate and community property are two different animals.

 The discharge injunction is intended to protect post-bankruptcy community property, i.e., property that is not property of the bankruptcy estate. *See, Schmiedel,* 236 B.R. at 398. ("The discharge injunction covers after-acquired community property, but the statute makes no mention of community property that was owned before the bankruptcy and passes through the estate as exempt property ... Any nonexempt community property would be liquidated and distributed, and all that passes out of the estate is exempt community property."). This is logical: the discharge injunction would not protect the debtor (or nonfiling spouse) from the Chapter 7 trustee's liquidation of non-exempt estate property. It follows that the injunction does not apply to prevent the

chapter 13 trustee from distributing chapter 13 estate property to the holders of the Claims.

Under Section 502(b) of the Bankruptcy Code, claim objections are to be determined "as of the date of the filing of the petition" and claims are deemed allowed unless "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law..." In this case, after Karen Nelson's discharge, arguably the Claims were not enforceable against property of the debtor. However, as of the filing of the petition, Karen Nelson had not received a discharge, and the Claims were enforceable against both Karen and Stanford Nelson.

■ Read together, §§ 502 and 524(a)(3) suggest that if Karen Nelson had filed an individual Chapter 7 petition and received a discharge prior to Stanford Nelson's Chapter 13 filing, the result in this case would be different. Karen Nelson's discharge injunction would render the Claims unenforceable against Stanford Nelson's interest in all community property acquired after the commencement of Karen Nelson's case.[2] Since the Claims would be unenforceable against property of the debtor under § 524(a)(3), the Claims could not be allowed under § 502(b). However, as Karen and Stanford Nelson filed a joint case, rather than serial cases, the discharge injunction in her converted case does not apply to render the Claims unenforceable against property of Stanford Nelson's chapter 13 estate.

A separate Order will be entered overruling the Objections to each of the Claims.

■

---

**2.** This assumes, of course, that the Claimants did not file an objection to Stanford Nelson's

hypothetical discharge in Karen Nelson's case, as in *Smith, supra.*