**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 4, 2007**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

)))))))))))))))))))))))))

No. 06-30557
Summary Calendar

)))))))))))))))))))))))))

In The Matter of: ALONZO WILLIAMS, SR.

       Debtor

_____

FRIENDLY FINANCE SERVICE MID-CITY, INC.; DAVID C. MCMILLIN

       Appellants

   v.

ALONZO WILLIAMS, SR.

       Appellee

_____

Appeal from the United States District Court
for the Western District of Louisiana
No. 3:05-CV-1826

_____

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Before the court is an appeal by Appellant Friendly Finance

Service Mid-City, Inc. ("Friendly Finance") and its attorney,

Appellant David C. McMillin ("McMillin"), of the district court's

order affirming the bankruptcy court's order that dismissed

_____

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

Friendly Finance's adversary complaint as moot and sanctioned McMillin for filing the adversary complaint. For the following reasons, we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are undisputed. On June 30, 2004, Alonzo Williams, Sr. ("Williams") received a discharge from Chapter 7 bankruptcy. Following his discharge, Williams applied for and received a loan from Friendly Finance in July 2004. Williams and his wife, Melvina Williams ("Mrs. Williams"), then jointly filed a Chapter 7 bankruptcy petition on March 9, 2005.

Pursuant to the version of 11 U.S.C. § 727(a)(8) in effect at that time, a debtor was ineligible for a bankruptcy discharge if he had been granted a discharge "in a case commenced within six years before the date of the filing of the [current] petition . . . ."[1] Therefore, the bankruptcy court issued a show cause order requiring Williams to demonstrate why he should not be dismissed from the current bankruptcy proceeding, given his 2004 discharge. At a hearing on May 11, 2005, the bankruptcy court determined that Williams was ineligible for a discharge and entered an order dismissing Williams from the bankruptcy case that same day. Mrs. Williams, however, was allowed to proceed with her bankruptcy petition.

On July 12, 2005, Friendly Finance, by way of McMillin,

---

[1] Section 727(a)(8) has since been amended to increase the amount of time between discharges from six years to eight years.

filed an adversary complaint against Williams. The complaint, entitled "Complaint to Discharge," stated it was filed "pursuant to 11 U.S.C. § 727" and alleged that Williams was obligated on three loans to Friendly Finance. The complaint then noted that Williams had received a discharge in June 2004, making him ineligible for a discharge in the current bankruptcy proceeding. As a result, Friendly Finance asked that Williams's discharge be denied.

The bankruptcy court issued a show cause order on July 14, 2005, requiring McMillin to demonstrate why he should not be sanctioned under Rule 9011 of the Federal Rules of Bankruptcy Procedure for filing the adversary complaint. In its order, the bankruptcy court noted that the precise relief sought in the adversary complaint had been granted over sixty days earlier when the bankruptcy court dismissed Williams from the bankruptcy case. Had McMillin examined the bankruptcy court filings, the bankruptcy court reasoned, he would have easily discovered that Williams had already been dismissed from the case. The bankruptcy court also listed five other cases in which it had previously warned McMillin about the inadequacy of his pleadings.

In response, McMillin admitted that he was aware at the time he filed the adversary complaint that Williams had already been dismissed from the bankruptcy case. However, McMillin stated that the intent of his filing was to establish that Williams's debt to Friendly Finance could not be discharged, meaning there

3

could be no injunction against Friendly Finance's post-discharge collection of community debt pursuant to 11 U.S.C. § 524. The bankruptcy court held a hearing on the matter on September 7, 2005, and dismissed Friendly Finance's adversary complaint as moot. The bankruptcy court also sanctioned McMillin by requiring him to obtain leave of court before filing any complaint under 11 U.S.C. §§ 523 or 727 in the Monroe and Alexandria divisions of the bankruptcy court for the Western District of Louisiana.

Friendly Finance appealed the dismissal of its adversary complaint as moot and McMillin appealed the sanctions order to the district court, which affirmed the decision of the bankruptcy court. Friendly Finance and McMillin now appeal to this court. We have jurisdiction over this matter pursuant to 28 U.S.C. § 158(d)(1).

## II.  DISCUSSION

This court applies the same standard of review to the decisions of a bankruptcy court as does the district court. Nesco Acceptance Corp. v. Jay (In re Jay), 432 F.3d 323, 325 (5th Cir. 2005). Findings of fact are reviewed for clear error, while conclusions of law are considered de novo. Id.; see also FED. R. BANKR. P. 8013. We may affirm on any grounds supported by the record, even if those grounds were not relied upon by the lower courts. Bonneville Power Admin. v. Mirant Corp. (In re Mirant Corp.), 440 F.3d 238, 245 (5th Cir. 2006).

4

A.    Whether Friendly Finance's Adversary Proceeding Was Moot

We first turn to the question of whether Friendly Finance's adversary proceeding was moot. Friendly Finance asserts that its adversary complaint is not moot, but rather is necessary in order to ensure that no injunction is entered against collecting the pre-petition debt through after-acquired community property. For this proposition, Friendly Finance relies on 11 U.S.C. § 524(a)(3) & (b), which state as follows:

(a) A discharge in a case under this title-

. . .

(3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1228(a)(1), or 1328(a)(1), or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.

(b) Subsection (a)(3) of the section does not apply if-

. . .

(2)(A) the court would not grant the debtor's spouse a discharge in a case under chapter 7 of this title concerning such spouse commenced on the date of the filing of the petition in the case concerning the debtor; and

(B) a determination that the court would not so grant such discharge is made by the bankruptcy court within the time and in the manner provided for a determination under

5

section 727 of this title of whether a debtor is granted a discharge.

As recognized by the bankruptcy and district courts in this case, these statutes are difficult to decipher. In short, when only one spouse declares bankruptcy and receives a discharge, an injunction typically issues that prevents creditors who are owed pre-petition debts from collecting on after-acquired community property. See Brown v. Kastner (In re Kastner), 197 B.R. 620, 622 (Bankr. E.D. La. 1996). A creditor can preserve his right to collect on after-acquired community property by bringing suit against the non-debtor spouse to determine if the debt is hypothetically non-dischargeable as to that spouse. Id. at 622-23. Collier on Bankruptcy states that the purpose of these statutes is to prevent a "wrong doing" non-debtor spouse from receiving a discharge through an innocent spouse in bankruptcy. 3 Collier on Bankruptcy ¶ 524.02[3] at 524-28 (15th ed. 1996).

We need not, however, unravel this complicated area of law, because Friendly Finance's adversary complaint simply did not raise these issues. The adversary complaint did not mention § 524, a hypothetical debtor, community property, or any other facts that might indicate to the bankruptcy court that this was the relief Friendly Finance was seeking. Instead, it was a bare-bones request that the bankruptcy court declare that Williams was ineligible for discharge in light of his 2004 discharge. Two months earlier, the bankruptcy court had declared exactly that

6

and dismissed Williams from the bankruptcy case.  As a result, Friendly Finance's adversary complaint was moot.  See McCorvey v. Hill, 385 F.3d 846, 849 (5th Cir. 2004) (stating that a case is moot when "the issues presented are no longer live").  Consequently, the bankruptcy court did not err in dismissing Friendly Finance's adversary complaint as moot, and the district court did not err in affirming that decision.

B.    Whether the Sanctions Against McMillan Were Warranted

Having determined that Friendly Finance's adversary complaint was moot at the time it was filed, we now consider whether the sanctions imposed by the bankruptcy court on McMillin were justified.  We review the bankruptcy court's imposition of sanctions for abuse of discretion.  Christopher v. Kendavis Holding Co. (In re Kendavis Holding Co.), 249 F.3d 383, 385 (5th Cir. 2001).

Rule 9011 of the Federal Rules of Bankruptcy Procedure, under which McMillin was sanctioned, states as follows:

(b) Representations to the court

By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a

7

nonfrivolous argument for the extension, modification, or reversal of existing law or by the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on lack of information or belief.

Subsection (c) of Rule 9011 provides that, after notice and a reasonable opportunity to respond, a court may impose an appropriate sanction for violations of subsection (b). FED. R. BANKR. P. 9011(c).

As discussed in the previous section, the adversary complaint filed by McMillin was, on its face, clearly moot. The complaint asked only that Williams be denied bankruptcy discharge, a ruling that McMillin knew the bankruptcy court had made two months earlier. Despite McMillin's claim that he was attempting to prevent an injunction from issuing under 11 U.S.C. § 524, the adversary complaint contained no hint of this "intention." Given the bankruptcy court's warnings in prior cases that McMillin's pleadings were inadequate, the bankruptcy court did not abuse its discretion in sanctioning McMillin for his inadequate pleading in this case. Therefore, we affirm the bankruptcy court's imposition of sanctions on McMillin.

### III. CONCLUSION

For the reasons above, we AFFIRM the decisions of the lower

courts.

AFFIRMED.