**ORDERED PUBLISHED**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: SHERRIE NICOLE LOCKHART-JOHNSON, <br> Debtor. | BAP No. CC-20-1161-GKT <br><br> Bk. No. 2:20-bk-10969-BB <br><br> Adv. No. 2:20-ap-1073-BB |
| SHARLENE WILLARD, <br> Appellant, <br> v. <br> SHERRIE NICOLE LOCKHART-JOHNSON, <br> Appellee. | **OPINION** |

Appeal from the United States Bankruptcy Court
for the Central District of California
Sheri Bluebond, Bankruptcy Judge, Presiding

APPEARANCES

Appellant Sharlene Willard, pro se, on brief; appellee Sherrie Nicole Lockhart-Johnson, pro se, on brief.

Before: GAN, KLEIN,* and TAYLOR, Bankruptcy Judges.

Opinion by Judge Gan
Concurrence by Judge Klein

---

\* Hon. Christopher M. Klein, United States Bankruptcy Judge for the Eastern District of California, sitting by designation.

GAN, Bankruptcy Judge:

## INTRODUCTION

In a community property state, the fresh start afforded to a debtor extends to the marital community and prevents collection against all after-acquired community property, including the postpetition wages of both spouses. Thus, it has been said that "the Devil himself could effectively receive a discharge in bankruptcy if he were married to Snow White." Alan Pedlar, *Community Property and the Bankruptcy Reform Act of 1978*, 11 St. Mary's L.J. 349 (1979). This case requires us to confront the question of what a creditor must to do to avoid the consequence of the community property discharge where the debt is allegedly caused by the fraudulent conduct of a nondebtor spouse.

Appellant Sharlene Willard ("Willard") holds a state court judgment against Steve Johnson arising from a contract for home repairs. After Steve's wife Sherrie Lockhart-Johnson ("Debtor") filed a chapter 7[1] bankruptcy petition, Willard filed a complaint to except the debt from discharge under § 523(a)(2)(A) based on Steve's conduct. But Willard made no allegations of any fraudulent conduct by Debtor, and she did not allege that the debt was a community debt. Consequently, the bankruptcy court

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

granted Debtor's motion to dismiss. Realizing that her complaint was insufficient, Willard sought leave to amend, but because the allegations of fraud were against a nondebtor, the bankruptcy court denied leave and dismissed the complaint with prejudice.

We agree that Willard did not state a claim for relief, but we determine that the complaint could be saved by amendment to assert claims that the community property discharge provision should not apply. Because amendment is not futile, the bankruptcy court erred by denying leave to amend. Accordingly, we VACATE the order dismissing the case with prejudice and REMAND with instructions to grant the motion with leave to amend. We publish to clarify the procedure involved in a creditor's attempt to preclude the community property discharge where the alleged wrongdoing spouse is not the debtor.

## FACTS

In 2017, Willard filed a complaint in state court against Debtor's husband, Steve Johnson, and others, based on an agreement for home repairs.[2] Willard asserts that after an initial failed settlement, she obtained a default judgment against Steve Johnson in excess of $10,000. In June 2019, Willard sought to garnish Debtor's wages; she asserted that they were community property under California law and thus liable for the debt.

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in the adversary proceeding and Debtor's main case. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

After Willard filed the garnishment action, but prior to the hearing in state court, Debtor filed her chapter 7 petition.[3]

Debtor indicated in her Statement of Current Monthly Income, Official Form 122A, that she was married, but either legally separated or living separately from her spouse. She averred in her Schedule H that she had lived in a community property state in the past eight years but that her spouse did not reside with her during that time.

Debtor did not initially list Willard as a creditor, but in February 2020, she filed an amended list of creditors and an amended Schedule E/F which listed the debt owed to Willard in the amount of $9,873. Debtor indicated that the obligation to Willard was a community debt.

In March 2020, Willard filed an adversary complaint seeking a determination that the debt was nondischargeable under § 523(a)(2)(A). She alleged that Steve Johnson obtained funds from her through false pretenses, false representation, and actual fraud and, as a result, the debt was nondischargeable. Willard asserted that the state court had ruled that Debtor was not liable for the debt but, by listing the debt as a community obligation, Debtor was attempting to discharge it.

In response, Debtor filed a motion to dismiss and argued that Willard failed to plead fraud with particularity as required by Civil Rule 9(b), made applicable by Rule 7009. Debtor also argued that she was living separately

---

[3] The state court held a hearing on Willard's garnishment request on February 20, 2020 and denied the request without prejudice. The basis of the state court's decision is

from Steve Johnson at the time of the contract and never owed any money to Willard. Debtor maintained that she never made any false material representations to Willard and, even if Willard had a claim against the estate, the complaint failed to state a claim for fraud against Debtor. Finally, she argued that Willard expressly admitted the state court had ruled that Debtor was not liable for the debt.

At a status hearing in June 2020, Willard asked for a continuance to file a motion for leave to amend her complaint. The bankruptcy court advised Willard that a continuance was unnecessary because it would likely grant leave to amend if the complaint were dismissed but could be fixed by an amendment.

Prior to the hearing on the motion to dismiss, the court issued a tentative ruling indicating its intent to grant the motion without leave to amend. The court reasoned that the complaint itself asserted that Debtor did not owe the creditor any money, and the allegations of wrongful conduct were directed solely at Steve Johnson. The court noted that Willard alleged that that state court already held that Debtor was not responsible for the debt.

At the hearing, Willard said that after obtaining transcripts of the state court hearing, she realized that she had made factual errors in her complaint and the state court did not actually rule that Debtor was not liable for the debt. She argued that the debt was a community obligation

not apparent from the record provided.

5

and "by discharging the debt, you're discharging a debt against community property and you'll make it impossible to collect because [Debtor] and her husband are married and living together. Even if you say I could still go after his individual assets, it's a community property debt." *Hr'g Tr.*, 13:18-23, June 16, 2020.

The bankruptcy court disagreed and granted the motion to dismiss because Willard failed to allege any misconduct by Debtor. The court entered an order granting the motion for the reasons stated on the record and in the tentative ruling. Willard timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court err by dismissing Willard's complaint?

Did the bankruptcy court err by denying Willard leave to amend?

## STANDARDS OF REVIEW

"We review de novo the [trial] court's grant of a motion to dismiss under [Civil] Rule 12(b)(6), accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party." *Narayanan v. Brit. Airways*, 747 F.3d 1125, 1127 (9th Cir. 2014) (citing *Newdow v. Lefevre*, 598 F.3d 638, 642 (9th Cir. 2010)). Under de novo review we "consider a matter anew, as if no decision had been made

6

previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

We review a dismissal without leave to amend for abuse of discretion. *Tracht Gut, LLC v. Cnty. of Los Angeles (In re Tracht Gut, LLC)*, 503 B.R. 804, 810 (9th Cir. BAP 2014), *aff'd*, 836 F.3d 1146 (9th Cir. 2016) (citing *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012)).

A bankruptcy court abuses its discretion if it applies an incorrect legal standard or its factual findings are illogical, implausible, or without support in the record. *TrafficSchool.com v. Edriver, Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION

On appeal, Willard argues that although Debtor was not involved in the original transaction, the debt is a community debt and, under state law, community property is liable for all debts incurred by either spouse during the marriage. She argues that the bankruptcy court erred by granting the motion to dismiss and by not allowing her to amend the complaint to correct errors and include tenets of § 524. To determine whether Willard stated a claim for relief or whether her complaint could be saved by amendment, we must consider the scope of the community property discharge and the procedure involved in seeking to except a claim from it.

## A.    The Community Property Discharge

Pursuant to § 524(a)(3),[4] a bankruptcy discharge ordinarily applies to prevent collection of a "community claim"[5] against community property acquired after the petition date. The bankruptcy court correctly stated that Debtor's discharge does not affect Steve Johnson's personal liability on the existing judgment debt. But, pursuant to § 524(a)(3), "a judgment creditor of the nondebtor spouse on a community claim loses the ability to collect from anything other than the judgment debtor's separate property." *Rooz v. Kimmel (In re Kimmel)*, 378 B.R. 630, 636 (9th Cir. BAP 2007), *aff'd*, 302 F. App'x 518 (9th Cir. 2008).

In other words, the Debtor's discharge enjoins Willard from collecting against all after-acquired community property, which could include the postpetition income of Debtor and of Steve Johnson. As we

---

[4] Section 524(a)(3) provides:

A discharge in a case under this title— . . .

(3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1228(a)(1), or 1328(a)(1) of this title, or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.

[5] Section 101(7) defines "community claim" as a "claim that arose before commencement of the case concerning the debtor for which property of the kind specified in section 541(a)(2) of this title is liable, whether or not there is any such property at the time of the commencement of the case."

8

held in *Kimmel*, "[r]egardless of whether the community claim was attributable to the actions of the debtor spouse, the nondebtor spouse, or both, the effect of § 524(a)(3) is that all community property acquired post-bankruptcy is protected by the discharge." *Id.* at 635-36.

The community property discharge has an important limitation: it applies only so long as a marital community continues to exist. *Heilman v. Heilman (In re Heilman)*, 430 B.R. 213, 219 (9th Cir. BAP 2010) (citing *In re Kimmel*, 378 B.R. at 636). The rules regarding the status of property, exceptions, and termination of the community vary greatly among community property jurisdictions. Because this appeal involves a putative California marital community, we look to California community property law.

In California, "community property is exposed to claims against an individual spouse." *In re Kimmel*, 378 B.R. at 635 (citing Cal. Fam. Code § 910(a)). Debtor has not disputed that she is married to Steve Johnson and, under state law, all property acquired during a marriage is presumed to be community property. *In re Brace*, 9 Cal. 5th 903, 914 (2020) (citing Cal. Fam. Code § 760).

However, spouses may designate property as separate and may transmute property from community to separate or from separate to community. *In re Marriage of Valli*, 58 Cal. 4th 1396, 1400 (2014). Additionally, "[u]nder California law, the event which terminates liability of community property for community debts as well as debts of the other

9

spouse is division of the community property, not dissolution of the status of the marriage." *Dumas v. Mantle (In re Mantle)*, 153 F.3d 1082, 1085 (9th Cir. 1998) (citation omitted).

**B.    Exceptions To The Community Property Discharge**

Section 524(a)(3) contains two exceptions to the community property discharge. First, the community property discharge does not apply to a community claim that has been excepted from discharge under §§ 523, 1228(a)(1), or 1328(a)(1). And second, the community property discharge does not apply if the bankruptcy court determines that the claim would be excepted from discharge in a hypothetical case filed by Debtor's spouse on the same petition date.

Section 524(b) also contains two exceptions based on the conduct of a nondebtor spouse. Section 524(b)(1) provides that the community property discharge does not apply if the nondebtor spouse files a bankruptcy case within six years of the debtor's petition and is denied a discharge. And § 524(b)(2) states that the community property discharge does not apply if the bankruptcy court determines that it would not grant a discharge to the nondebtor spouse in a hypothetical case filed on the same petition date.

When a creditor asserts a claim against a debtor for nondischargeability under § 523, it is not necessary to name the non-filing "innocent spouse" or seek separate relief from the community property discharge because, pursuant to § 524(a)(3), a community claim excepted from discharge under § 523 is automatically excepted from the community

property discharge. *See Case v. Maready (In re Maready)*, 122 B.R. 378, 381-82 (9th Cir. BAP 1991) (holding that plaintiff is not required to allege and prove that a debt is community claim under § 523 or give the innocent spouse notice of the nondischargeability proceeding). Whether the claim is a community claim, and whether it can be collected from community property, can be determined at the time of collection. *Id.*

Similarly, if a nondebtor spouse is denied a discharge in a case filed within six years of the debtor's petition, the community property discharge is automatically inapplicable to community claims, without the need for any action by the creditor. *See Moody v. Muller (In re Moody)*, 446 F. App'x 664, 666-67 (5th Cir. June 17, 2011).

However, if a creditor asserts hypothetical nondischargeability or a hypothetical discharge objection based on conduct by the nondebtor spouse, the creditor must take action in the debtor's case. We have previously held that the provisions of §§ 524(a)(3) and (b)(2) directed at the nondebtor spouse are subject to diligent creditor requirements and "failure by creditors to raise nondischargeability and discharge objection issues in a timely manner in the case of the debtor spouse will allow the community property discharge to be effected." *In re Kimmel*, 378 B.R. at 637; *see also In re Strickland*, 153 B.R. 909, 912 (Bankr. D.N.M. 1993) ("It is the duty of scheduled creditors to object to the hypothetical discharge of the nondebtor spouse, within the time limits set by the bankruptcy code.").

11

We have not previously addressed how a creditor must raise such issues where the alleged wrongful conduct is by the nondebtor spouse. The Rules do not expressly provide the procedure for asserting hypothetical nondischargeability or objections to discharge under § 524. But, pursuant to § 524(a)(3), hypothetical nondischargeabilty based on a nondebtor's conduct must be "determined in accordance with the provisions of §§ 523(c) and 523(d)." Section 523(c) requires creditors with notice of the case to affirmatively seek a nondischargeability determination of claims asserted under §§ 523(a)(2), (4) or (6), or have those claims discharged.[6] And Rule 4007(c) provides that a complaint under § 523(c) must be filed within 60 days of the meeting of creditors.

The sole exception to Rule 4007(c) is that Rule 4007(b) permits creditors without notice or actual knowledge of the case in time to file a timely action under §§ 523(a)(2), (4), or (6) to bring a nondischargeability action under § 523(a)(3)(B) "at any time" to establish that a particular debt is excepted from discharge.

Section 524(b)(2)(B) also provides that the bankruptcy court must determine whether the nondebtor spouse would be denied a discharge in a hypothetical case "within the time and in the manner provided for a determination under section 727." Just as under Rule 4007(c), Rule 4004(a)

---

[6] Section 342(a) provides that all holders of community claims are entitled to notice. Creditors without notice of the case are not subject to the requirements of § 523(c). *See* §§ 523(c)(1); 523(a)(3)(B).

requires that a complaint objecting to discharge under § 727 be filed within 60 days of the meeting of creditors.

The combined effect of §§ 524(a)(3) and (b)(2) "prevent[s] a wrongdoer from hiding behind an innocent spouse's discharge, but correlatively require[s] the innocent spouse in a community property state to bear some burden of responsibility for the wrongdoing spouse." *In re Kimmel*, 378 B.R at 637. By incorporating the requirements and deadlines applicable under §§ 523(c) and 727 into the hypothetical analyses, the Bankruptcy Code ensures that the community property discharge is subject to the same exceptions and limitations that would apply were the nondebtor spouse to also file a petition.

Here, Willard alleged that the debt was created by Steve Johnson's "false pretenses, misrepresentation, or fraud." To allow the hypothetical nondischargeabilty of Steve Johnson's debt to be determined "in accordance with the provisions of § 523(c)," Willard was required to file a complaint within 60 days of the meeting of creditors. *See* 4 COLLIER ON BANKRUPTCY ¶ 524.02 [3] (Alan N. Resnick & Henry J. Sommer, eds. 16th ed. rev. 2020) ("[C]omplaints to determine the nondischargeability of . . . an obligation of the nondebtor spouse in a hypothetical case . . . must be filed within the time period set forth in [Rule] 4007(c)."); *see also Kelley v. Dahle-Fenske (In re Dahle-Fenske)*, 525 B.R. 912, 918 (Bankr. E.D. Wis. 2015) ("a *scheduled* creditor with a fraud claim against a nonfiling spouse must comply with the 60–day deadline for filing a nondischargeability

complaint, or the debt will not be collectible from post-petition community property.").

When a creditor alleges hypothetical nondischargeability based on a nondebtor's conduct, due process concerns dictate that the nondebtor spouse be made a party to the proceeding. *See* 4 COLLIER ON BANKRUPTCY ¶ 524.02 [3][c] (Alan N. Resnick & Henry J. Sommer, eds. 16th ed. rev. 2020)). We agree with the concurrence that a nondebtor spouse will typically be a required party to a hypothetical nondischargeability complaint but note that "[t]here is no precise formula for determining whether a particular nonparty should be joined under Rule 19(a) . . . . The determination is heavily influenced by the facts and circumstances of each case." *EEOC v. Peabody W. Coal Co.*, 610 F.3d 1070, 1081 (9th Cir. 2010) (quoting *N. Alaska Env't Ctr. v. Hodel*, 803 F.2d 466, 468 (9th Cir. 1986)).

## C.    Dismissal of The Complaint

Willard filed a complaint seeking to except the judgment from discharge within the 60-day deadline, but she failed to allege sufficient facts to state a claim for relief. Dismissal under Civil Rule 12(b)(6), made applicable by Rule 7012, is appropriate if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A motion to dismiss "may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v.*

*Riverside Healthcare Sys, LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

To state a claim for relief under § 523(a)(2)(A),[7] a plaintiff must allege sufficient facts to demonstrate: (1) a misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) which debtor knew was false or deceptive; (3) an intent to deceive; (4) justifiable reliance by the creditor; and (5) proximate damage cause by reliance on the statement or conduct. *Ghomeshi v. Sabban (In re Sabban)*, 600 F.3d 1219, 1222 (9th Cir. 2010); *Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000).

Willard alleged that Steve Johnson, not Debtor, committed the purported fraud which gave rise to the judgment debt, and she acknowledged that the debt was against Steve Johnson, not Debtor. The bankruptcy court correctly held that Willard failed to state a claim for relief under § 523(a)(2)(A) against Debtor. But Willard also failed to allege sufficient facts to support a claim for relief from the community property discharge under § 524(a)(3).

To state a claim for relief from the community property discharge, where the purported fraudulent conduct is by a nondebtor spouse, a creditor must: (1) allege the existence of a community debt; and (2) allege

---

[7] Section 523(a)(2)(A) provides that: "A discharge under section 727 . . . does not discharge an individual debtor from any debt . . . (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—(A) false pretenses, a false representation, or actual fraud . . . ."

sufficient facts to support a hypothetical claim of nondischargeability or denial of discharge against the nondebtor spouse as of the petition date.

Dismissal would not have been required merely because Willard asserted a § 523(a)(2)(A) claim against Debtor and failed to name Steve Johnson in the complaint. An "imperfect statement of the legal theory supporting the claim asserted" is not grounds for dismissal if the factual allegations state a claim for relief. *Johnson v. City of Shelby*, 574 U.S. 10, 11-12 (2014). And the bankruptcy court has authority to join a nondebtor spouse under Civil Rules 19 and 21. But Willard did not allege in the complaint that the debt was a community claim and instead asserted that the state court had ruled that Debtor was not liable.

The bankruptcy court did not err by dismissing the complaint, but it abused its discretion by denying leave to amend.

**D.    Leave To Amend**

Pursuant to Civil Rule 15, made applicable by Rule 7015, leave to amend a complaint should be freely given when justice so requires. The Supreme Court has instructed that "this mandate is to be heeded" and the Ninth Circuit has repeatedly held that a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (collecting cases).

16

"This policy is 'to be applied with extreme liberality.'" *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The rule favoring liberal application "is particularly important for the pro se litigant." *Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

In determining whether to grant leave to amend, the bankruptcy court should consider several factors including: (1) undue delay; (2) bad faith or dilatory motive by the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The consideration of prejudice to the opposing party carries the greatest weight. *Eminence Cap., LLC*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (citing *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997)).

Here, the bankruptcy court denied leave to amend because the court focused on the fact that Willard's claim was against Steve Johnson, and his personal liability would not be discharged in Debtor's bankruptcy case.

17

Essentially, in the context of the *Foman* factors, the bankruptcy court denied leave to amend because in its view any amendment would be futile.[8]

Although Willard did not allege the existence of a community claim, she argued the existence of a community claim in the course of seeking leave to amend. On appeal she argues that she should have been permitted to amend the complaint in part to "include tenets of § 524."

If the bankruptcy court had ruled that the community had terminated, we would agree that amendment would be futile. But that question depends on facts which are not in the record. Similarly, if Willard had not filed her complaint within the 60-day deadline of Rule 4007(c), any amendment to assert hypothetical nondischargeability based on Steve Johnson's conduct would be time-barred.

Amendment here is not futile because Willard filed her original complaint within the 60-day deadline and it is possible that amended claims based on the same "conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading" will relate back to the date of the original complaint. Civil Rule 15(c)(1)(B); *see Mayle v. Felix*, 545 U.S. 644, 659 (2005) ("relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims."); *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1259 n.29 (9th Cir. 1982) ("Under the relation back doctrine of Rule 15(c),

---

[8] The bankruptcy court's decision appears to be premised on futility of amendment, but the record does not support a finding of undue delay, bad faith or

18

the allegations of a new theory in an amended complaint will not be time barred if the theory involves the same transaction, occurrence, or core of operative facts involved in the original claim.").

At this stage, we do not determine whether any possible amendment will relate back or will be legally sufficient, and we do not evaluate possible amendments not yet considered by the bankruptcy court.[9] *Breier v. N. Cal. Bowling Proprietors' Ass'n.*, 316 F.2d 787, 790 (9th Cir. 1963). We determine only if amendment would be futile or whether "any amendment" could save the complaint.

Because Willard's complaint could potentially be saved by amendment, the bankruptcy court abused its discretion by denying leave to amend.

## CONCLUSION

For the reasons stated above, we VACATE the order dismissing the complaint with prejudice and REMAND with instructions to dismiss with leave to amend.

Concurrence begins on next page.

---

dilatory motive by Willard, or undue prejudice to Debtor.
[9] However, we do not agree with the bankruptcy court's suggestion that it was too late to bring a § 727 action. Willard filed her complaint within the 60-day deadline. Whether her amended claims will relate back will depend on the allegations made in the amended complaint.

KLEIN, Bankruptcy Judge, CONCURRING:

I join the opinion in full and write separately to focus attention of bench and bar on a little-used tool in the procedural toolbox, while not essential to our decision today, designed to obviate the problem in this case. The court could have sua sponte ordered joinder of the nondebtor spouse as a "required" party under Civil Rule 19 and directed that a more definite statement or an amended complaint be filed.

I

The bankruptcy court appears to have implicitly misapprehended the law of parties — who is a "proper" party and who is a "required" party under the permissive and compulsory joinder rules.

The court incorrectly assumed that the debtor is not a "proper" party in an action attacking the community property discharge based on the conduct of the nondebtor spouse. But, as one of the two members of a putative marital community, the debtor has a legally protected interest in the subject of the suit that would be adversely and pecuniarily affected by an adverse outcome. Hence, the debtor always is a "proper" party to defend community property on the common question of law or fact whether there is a "community claim" and, if so, whether any such claim qualifies for exception from discharge under § 523.

1

The standard procedural tool in the judicial toolbox for dealing with omission of the nondebtor spouse as a "required" party is to order compulsory joinder under Civil Rule 19, which can be ordered sua sponte.

A

<u>Traditional Party Classification</u>

Parties traditionally are classified within a diagram of three concentric circles as "proper," "necessary," and "indispensable" parties, which categories stem from the Supreme Court decision of *Shields v. Barrow*, 58 U.S. (17 How.) 130 (1855); 4 James Wm. Moore et al, Moore's Federal Practice § 19.02[2][a] (Matthew Bender 3d ed. 2020) ("Moore's").

The modern terminology — "proper" "required" and "required for whom joinder is not feasible" — comes from the 2007 Amendments to the Federal Rules of Civil Procedure. *Republic of the Philippines v. Pimentel*, 553 U.S. 851, 855-57 (2008).

"Proper" parties defendant are persons against whom any right to relief is asserted and initially are designated at the plaintiff's option in the complaint. Fed. R. Civ. P. 20(a)(2), *incorporated by* Fed. R. Bankr. P. 7020.

"Required" parties defendant (formerly "necessary") are "proper" parties who are so closely related to the litigation that their absence prevents the court from according complete relief among existing parties or whose absence creates a risk of harm to that "required" party or to others. Fed. R. Civ. P. 19(a), *incorporated by* Fed. R. Bankr. P. 7019.

"Required parties for whom joinder is not feasible" (formerly, "indispensable") are subject to dismissal, at which point the court must determine whether in equity and good conscience the action should proceed among existing parties.

Under the prevailing construct, the debtor in this appeal is a "proper" party defendant. The nondebtor spouse of the debtor is a "required" party defendant for whom joinder is feasible because there is no jurisdictional impediment to joining him.

B

Relevant Rules of Procedure

In federal practice, the prevailing construct is implemented by Civil Rules 18, 19, 20, and 21, which govern joinder of claims for relief and joinder of the persons who may and must be joined as parties. Fed. R. Civ. P. 18-21, *incorporated by* Fed. R. Bankr. P. 7018-7021.

Two key substantive issues in this ineptly-pleaded adversary proceeding necessitated consideration of compulsory party joinder under Civil Rule 19. First, the plaintiff contends that her state-court judgment constitutes a "community claim" against the marital community of the debtor and her nondebtor spouse. Second, contingent on an affirmative answer to the first issue, she contends the circumstances qualify the judgment debt for exception to discharge under § 523(a)(2)(A).

# 1
## <u>Joinder of Claims and Remedies</u>

Civil Rule 18 governs joinder of claims. Fed. R. Civ. P. 18,[1] *incorporated by* Fed. R. Bankr. P. 7018.[2]

A party may join two claims even though one is contingent on the disposition of the other. *Id.*

For example, discharge status under § 524(a)(3) of a claim based on § 523(c) misconduct (i.e. §§ 523(a)(2), (a)(4), or (a)(6)) by a nondebtor spouse is contingent upon determination of the status of a claim as a "community claim."

---

[1] Civil Rule 18 provides:

(a) In General. A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party.
(b) Joinder of Contingent Claims. A party may join two claims even though one of them is contingent on the disposition of the other; but the court may grant relief only in accordance with the parties' relative substantive rights. In particular, a plaintiff may state a claim for money and a claim to set aside a conveyance that is fraudulent as to that plaintiff, without first obtaining a judgment for the money.

Fed. R. Civ. P. 18.

[2] Rule 7018 provides:

Rule 18 F.R.Civ.P. applies in adversary proceedings.

Fed. R. Bankr. P. 7018.

# 2
## Permissive Party Joinder

Civil Rule 20 governs who may be parties. Fed. R. Civ. P. 20,[3]

*incorporated by* Fed. R. Bankr. P. 7020.[4]

---

[3] Civil Rule 20 provides, with respect to defendants:

(a) Persons Who May Join or Be Joined.
    (1) Plaintiffs. [omitted]
    (2) Defendants. Persons--as well as a vessel, cargo, or other property subject to admiralty process in rem--may be joined in one action as defendants if:
      (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
      (B) any question of law or fact common to all defendants will arise in the action.
    (3) Extent of Relief. Neither a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded. The court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities.
(b) Protective Measures. The court may issue orders--including an order for separate trials--to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party.

Fed. R. Civ. P. 20.

[4] Rule 7020 provides:

Rule 20 F.R.Civ.P. applies in adversary proceedings.

Fed. R. Bankr. P. 7020.

Defendants may be joined if a right to relief is asserted against them jointly, severally, or in the alternative and if any question of law or fact common to all defendants — such as whether a claim is a "community claim" — will arise in the action. *Id.*

3
Compulsory Party Joinder

Civil Rule 19(a) governs who must be parties. Fed. R. Civ. P. 19(a),[5]

---

[5] Civil Rule 19(a) provides:

(a) Persons Required to Be Joined if Feasible.
    (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
    (A) in that person's absence, the court cannot accord complete relief among existing parties; or
    (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
        (i) as a practical matter impair or impede the person's ability to protect the interest; or
        (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
    (2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.
    (3) Venue. If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.

Fed. R. Civ. P. 19(a).

*incorporated by* Fed. R. Bankr. P. 7019.[6]

a

Civil Rule 19 promotes the interest of courts and the public in complete, consistent, and efficient resolution of controversies. *Temple v. Synthes Corp.*, 498 U.S. 5, 6 (1990).

One "must" be joined as a party if the court cannot afford complete relief among existing parties in that person's absence. Fed. R. Civ. P. 19(a)(1)(A), *incorporated by* Fed. R. Bankr. P. 7019.

In such situations, the court "must order" that the person be made a party. Fed. R. Civ. P. 19(a)(2), *incorporated by* Fed. R. Bankr. P. 7019.

The court has express authority to act sua sponte to order joinder of a "required" party. Fed. R. Civ. P. 21, *incorporated by* Fed. R. Bankr. P. 7021.[7]

---

[6] Rule 7019 incorporates and modifies Civil Rule 19:

> Rule 19 F.R.Civ.P. applies in adversary proceedings, except that (1) if an entity joined as a party raises the defense that the court lacks jurisdiction over the subject matter and the defense is sustained, the court shall dismiss such entity from the adversary proceeding and (2) if an entity joined as a party properly and timely raises the defense of improper venue, the court shall determine, as provided in 28 U.S.C. § 1412, whether that part of the proceeding involving the joined party shall be transferred to another district, or whether the entire adversary proceeding shall be transferred to another district.

Fed. R. Bankr. P. 7019.

[7] Civil Rule 21 provides:

b

The assessment whether a party is "required" necessarily entails a flexible, pragmatic, fact-based inquiry. 4 Moore's § 19.02[2][c].

When a trial court makes such an inquiry, the determination is heavily influenced by the facts and circumstances of each case. *EEOC v. Peabody W. Coal Co.*, 610 F.3d 1070, 1081 (9th Cir. 2010); *N. Alaska Env't Ctr. v. Hodel*, 803 F.2d 466, 468 (9th Cir. 1986).

Specific patterns, however, may routinely favor joinder. The absence of a nondebtor spouse whose conduct is the subject of contentions that §§ 524(a)(3) or 524(b)(2)(B) apply is such a pattern.

If a nondebtor spouse's conduct is the basis for excepting a debt from the § 524(a)(3) community property discharge, then the nondebtor spouse whose conduct is in question logically and presumptively is a "required" party who must be joined. E.g., *Judge v. Braziel (In re Braziel)*, 127 B.R. 156, 158 (Bankr. W.D. Tex. 1991), *cited with approval in* 4 Collier on Bankruptcy ¶ 524.02[3] (Richard Levin & Henry J. Sommer eds., 16th ed. 2021).

---

Misjoinder of parties is not a ground for dismissing an action. On motion or *on its own*, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21, *incorporated by* Fed. R. Bankr. P. 7021 (emphasis supplied).

8

To be sure, the presumption favoring compulsory joinder of a nondebtor spouse in actions regarding the § 524(a)(3) community property discharge is rebuttable. The presumption, so far, has not been rebutted.

## C
## <u>Debtor as "Proper" Party</u>

The threshold question here regarding the community property discharge under § 524(a)(3) is whether the plaintiff's state-court judgment against the non-filing spouse constitutes a "community claim" as defined at § 101(7),[8] which means that it is a prepetition claim for which property of the estate that is community property under § 541(a)(2)[9] is liable.

---

[8] The term "community claim" is defined as:

[a] claim that arose before the commencement of the case concerning the debtor for which property of the kind specified in section 541(a)(2) of this title is liable, whether or not there is any such property at the time of the commencement of the case.

11 U.S.C. § 101(7).

[9] Community property that is property of the estate under § 541(a)(2) is:

(2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is--
    (A) under the sole, equal, or joint management and control of the debtor; or
    (B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

11 U.S.C. § 541(a)(2).

Since what constitutes a "community claim" is integral to property of the estate, the debtor automatically has a stake in the outcome. She is appropriately situated to litigate the questions whether there is, in fact, a marital community and, if so, whether applicable nonbankruptcy law makes community property liable for the judgment debt incurred by the nondebtor spouse. It follows that the debtor is a "proper" party.

The question whether community property is liable for the subject judgment debt presents a question of state law, the answer to which may vary by jurisdiction. *Federal Deposit Ins. Corp. v. Soderling*, 998 F.2d 730, 733-34 (9th Cir. 1993) (California law). In this instance, California community property law applies.

The analysis begins with the question whether there is a marital community that has property. In California, all property acquired during a marriage is presumed to be community property. *In re Brace*, 9 Cal. 5th 903, 914 (2020) (citing Cal. Fam. Code § 760). But, the partners have the ability to designate separate property, transmute community property into separate property, and vice versa. *In re Marriage of Valli*, 58 Cal. 4th 1396, 1400 (2014) (citing Cal. Fam. Code § 850).

Here, the record regarding these California residents as to whether there is or is not a marital community and whether there is community property is inconclusive. The debtor's schedules executed under penalty of perjury aver the existence of a community, but she appears to have told the

10

court there is not a community. And, the nondebtor spouse's fingerprints, evidenced by his signature on proofs of service, are all over the case in a manner consistent with the existence of a community and of an effort to sneak through to a community property discharge of the judgment debt.

Ordinary dismissal analysis requires construing in favor of the plaintiff her allegations that the judgment debt is a community debt incurred by fraud.

The court, in effect, dismissed on the premise that the only named defendant was not a proper party. That offended Civil Rule 21, which provides that "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21, *incorporated by* Fed. R. Bankr. P. 7021.

D
Nondebtor Spouse as "Required" Party

Since Steven's conduct is directly in question, he is a "required" party who "must" be joined by virtue of Civil Rule 19(a) if feasible.

The test is whether in Steven's absence the court can accord complete relief among the existing parties — to wit, the plaintiff and the debtor. Fed. R. Civ. P. 19(a)(1)(A), *incorporated by* Fed. R. Bankr. P. 7019.

In Steven's absence, it will be difficult to afford complete relief as between the plaintiff and the debtor. His conduct is the primary issue in the underlying nondischargeability question.

Subject-matter jurisdiction exists by virtue of 28 U.S.C. § 1334. Personal jurisdiction is no problem because Steven, as a person doing business in the Central District of California, is amenable to service of process. Indeed, by serving papers on behalf of his debtor spouse, he has already actually participated in the case.

Compulsory joinder of a nondebtor spouse in community property jurisdictions has long been recognized as appropriate. E.g., *Braziel*, 127 B.R. at 158, *cited with approval in* 4 Collier on Bankruptcy ¶ 524.02[3].

On remand, the plaintiff's amended complaint should join Steven as a "required" defendant, allege the existence of a "community claim," and allege facts supportive of an exception to discharge by way of §§ 523(a)(2), (a)(4), or (a)(6), as incorporated by § 524(a)(3).

If the plaintiff does not join the nondebtor spouse as a party defendant in an amended complaint, then the court should proceed to assess the situation pursuant to the compulsory party joinder rule and whether it should act sua sponte.

## II

Applying the joinder principles to this case also illustrates the singularly frustrating challenge posed to courts by self-represented parties.

Although it often is said that the ability to represent oneself in court without a lawyer is a glory of our legal system, the dark side is that this glory simultaneously is a curse. Judges are placed in the position of

needing to educate self-represented parties about labyrinths of procedure as part of their duty to construe, administer, and employ the rules of procedure so as to "secure the just, speedy, and inexpensive determination of every case and proceeding." Fed. R. Bankr. P. 1001.[10]

Judges who are required to be neutral and detached arbiters rarely are comfortable educating self-represented litigants. When, as in this case, both plaintiff and defendant are self-represented, it is difficult to fault a judge for viewing the exercise as hopeless.

When a plaintiff is represented by counsel, then a textbook solution for this situation would be: (1) explain how the complaint is defective as not stating a claim on which relief may be granted (i.e., plead essential elements of § 523(a)(2) and "community claim"); (2) note the need to join a "required" party; and (3) either (a) demand that a more definite statement of the claim be filed, or (b) dismiss pursuant to Civil Rules 12(b)(6) and 12(b)(7) with leave to amend. So informed, a competent lawyer can frame a proper pleading.

---

[10] Rule 1001 restates Civil Rule 1, which provides:

These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.

Fed. R. Civ. P. 1.

In the end, all may turn out to be hopeless. But, a court should not skip over the standard step that would have been accorded a lawyer of sending the ineptly-pled complaint back to the drawing board at least once.

All parties in this case desperately need counsel. In addition to the problem of the status of parties, whether the state-court judgment against the nondebtor spouse would be entitled to issue-preclusive consequences is but one complication that lay litigants are not likely to appreciate. Recognizing the reality that the cost of counsel may be prohibitive, the court may wind up being cursed with a thankless, uncomfortable, and frustrating task.

Nevertheless, one of the duties of the court in securing just, speedy, and inexpensive determination of the case is to recognize the possibility a meritorious case exists and give the self-represented parties a fair opportunity to present a properly-framed case under applicable law and a proper defense. By dismissing without leave to amend, that did not occur in this case.

On remand, I beg the parties to obtain competent counsel.